IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>JUAN ANTONIO CANO (02),<br><br>                    Defendant. | CR. NO. 07-000624-02 JAO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE** |

**ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On January 22, 2021, Defendant Juan Antonio Cano ("Defendant") filed a Motion to Reconsider Order Denying without Prejudice Defendant's Motion for Reduction in Sentence ("Motion"), ECF No. 131, outlining the COVID-19 conditions at MCC San Diego.  Defendant relays that as of the filing of the Motion, the BOP has reported 5 active cases of COVID-19 among inmates, 9 active cases among staff, 247 inmates having "recovered" from the virus, and only 7 pending tests at MCC San Diego.  *See* ECF No. 131 at 3.  The Motion also indicates that the facility reports having conducted a total of 676 COVID-19 tests, with 183 positive results, *see id.*, which is a 27 percent positivity rate.  The Government was

given an opportunity to respond.[1]  ECF No. 132.  The Court decides the Motion

without a hearing pursuant to Local Rule 7.1(c).  For the following reasons, the

Motion is GRANTED.

The Court incorporates the background and discussion from its January 8,

2021 Order.  *See* ECF No. 130.  In sum, Defendant is serving a twenty-year

sentence for violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  *See id*. at 2.

Defendant is scheduled to be released from custody in approximately four years.

*See id*. at 4.

Further, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (2018),

the Court determined that the factors outlined in 18 U.S.C. § 3553 weighed "at

least somewhat" in Defendant's favor.  *See* ECF No. 130 at 17.  The Court also

found that Defendant suffers from significant enough medical conditions to

"place[] him at greater risk of severe illness from COVID-19," *see id*. at 14, but

that Defendant's recent transfer to MCC San Diego resulted in a limited record as

to the conditions at that facility.  *See id*. at 15.  The Court invited Defendant to

develop a fuller record regarding the COVID-19 conditions at MCC San Diego.

*See id.*

---

[1]  Rather than respond, the Government filed what appears to be the same brief it
filed in opposition to the original Motion for Reduction in Sentence.  *Compare*
ECF No. 124, *with* ECF No. 133.  That brief addresses the conditions at FCI
Terminal Island.

As of this writing, and as represented in the Motion, MCC San Diego now has 5 active COVID-19 cases among inmates and 9 active COVID-19 cases among staff.  *See* Federal Bureau of Prisons, https://www.bop.gov/coronavirus (mouse over "MCC San Diego") (last visited Jan. 28, 2021).  More significant, however is the fact the facility has suffered an over 27 percent positivity rate over the course of the pandemic, *see* Federal Bureau of Prisons, https://www.bop.gov/coronavirus (click on "Learn more about the data and view individual facility stats") (last visited Jan. 26, 2021) (indicating 694 inmates have completed testing, 2 have pending tests, and 188 had positive results), and currently serves in part as a pretrial facility, which, as Defendant points out, necessarily results in a "daily churn of inmates and staff to and from the San Diego community" where there is a significant and concerning COVID infection rate.  ECF No. 131 at 7–8; *see* County of San Diego, Emergency Operations Center, "COVID-19 Percentage Positive," https://www.sandiegocounty.gov/content/dam/sdc/hhsa/programs/phs/Epidemiolog y/COVID-19%20Percentage%20Positive.pdf (last visited Jan. 28, 2021) (indicating a 9% "rolling percentage positive" rate as of January 26, 2021).  The Court is convinced that the conditions at MCC San Diego are concerning enough to warrant reconsideration here.

Based on the ongoing conditions at MCC San Diego and the combination of Defendant's medical diagnoses, the Court concludes that there are extraordinary

and compelling reasons to consider a sentence reduction and, having previously applied the Section 3553(a) factors, GRANTS the Motion.

It is FURTHER ORDERED that:

1.     Defendant's sentence of incarceration is reduced to time served plus 14 days.  During the final 14-day period, it is recommended to the Bureau of Prisons that Defendant be quarantined to reduce the possibility that he might be infected and might transmit the COVID-19 virus upon release.

2.     Upon his release from custody, Defendant shall commence serving his 10-year term of supervised release as previously imposed; and shall abide by all mandatory, standard, and special conditions.  *See* ECF No. 85.  In addition, Defendant must abide by the following additional special condition:

> 4. You will be monitored by radio frequency technology for a period of 180 days, and you must follow the rules and regulations of the location monitoring program, pursuant to the Participant's Agreement.  You are restricted to your residence at all times except for employment; education; religious services; medical or substance abuse treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.  You shall earn leave as determined by the probation officer.  You must pay the costs of the program, as directed by the probation officer.

3.     Defendant shall report by telephone (808-541-1283) to Timothy Jenkins of the United States Probation Office, District of Hawaii, within 72 hours of his release from Bureau of Prisons custody.  Mr. Jenkins' office will be coordinating with the United States Probation Office, Central District of

4

California, concerning supervision of Defendant.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, January 28, 2021.

Jill A. Otake
United States District Judge

Cr. No. 07-00624-2 JAO, *United States v. Juan Antonio Cano*; ORDER GRANTING DEFENDANT'S MOTION
TO RECONSIDER ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR REDUCTION
IN SENTENCE

5